Dore, J.
Plaintiff sued for breach of contract for the sale by defendant to plaintiff of 200 tons of Mexican honey. At trial before the court and jury, plaintiff adduced proof to show that defendant received and retained the written contract and a letter of credit providing for payment and thereafter shipped approximately 30 of the 200 tons, but subsequently refused to deliver the balance. At close of plaintiff’s case, the court dismissed and granted judgment in defendant’s favor solely on the ground that the letter of credit did not conform to the contract. Plaintiff appeals.
The contract, dated October 27, 1944, provided for sale by defendant to plaintiff of 200 tons of pure bees’ honey from Mexico, at nine cents a pound c.i.f. New York, shipment during December, 1944, and payment by irrevocable letter of. credit to be opened in favor of Banco Commercial De La Propiedad, Mexico City, for defendant’s account “ payment to be effected after passing Food & Drug Administration.” The contract was signed by plaintiff and by Foreign Commodities Corporation, a broker acting, plaintiff claims, as defendant’s agent.
The letter of credit is dated November 6, 1944, authorizing drafts on the Chase National Bank of New York for plaintiff’s account to an aggregate of $40,000 and providing that the drafts will be honored only after the Chase Bank has received from plaintiff “ written notice * * * stating that the merchan *136 dise has been released by the U. S. Food & Drug Administration and further indicating the net amount to be paid ”.
On November 23,1944, defendant concededly received the letter of credit and a copy of the contract showing the buyer was plaintiff, Catz American Co., Inc., 99 Hudson Street, New York, and defendant was named as seller. On December 24,1944, defendant sent a telegram to Foreign Commodities Corporation stating it had shipped “ 105 drums for Catz ”. On December 27th, it sent another telegram to the broker asking the broker to obtain shipping space and adding ‘ ‘ unless you obtain such space must cancel balance of Catz sale by force majeure.” On January 2d defendant wrote the broker: “ In reference to the honey you are going to deliver to Catz American, please make all arrangements for payment being made the same day the Pure Food is passed.” On February 3, 1945, defendant again wrote the broker stating that Catz has received 104 drums of the honey and if “ they accept ” defendant “ will be very pleased to ship them by the first sailing boat to New York, the balance of the 200 tons”. ,
It was not until March 8,1945, that defendant for the first time sent a telegram directly to Catz at 99 Hudson Street, claiming it never signed any contract with plaintiff or authorized anyone to do so and that it had refused to accept the letter of credit “ from the first minute ”.
On January 9, 1945, the Chase Bank by plaintiff’s orders and for its account opened another letter of credit for $40,000 covering 440,000 pounds of Mexican honey at nine cents a pound, and also providing: “ Belease of U. S. Food & Drug Administration must also be attached to draft ”. The letters of credit were not cancelled until April 12, 1945.
Plaintiff also offered proof to show that the market value of such honey in New York at the end of February, 1945, was eleven and one-half cents per pound duty paid; that the duty was one and one-half cents and accordingly the net market value at that time was ten cents per pound.
The trial court held there was sufficient evidence to raise an issue of fact on the question of estoppel; but, as a matter of law, ruled that the first letter of credit failed to conform to the terms of the contract and accordingly dismissed.
Whether the letter of credit dated November 6, 1944, conformed to the terms of the written contract was an issue of law for the court. The written contract required payment after approval by the Food and Drug Administration. The letter of credit varied such terms by providing for payment only after *137 the bank had received written notice from plaintiff stating: (1) the merchandise had been released by the TI. S. Food and Drug Administration; and (2) the net amount to be paid. On that issue the trial court correctly found that the letter of credit by its terms failed to conform to the contract.
But that was not the only issue raised by the proof. On appeal from a judgment dismissing the complaint at the close of plaintiff’s case, appellant is entitled to every favorable inference that can be drawn from all the facts in evidence (Weil v. Dry Dock, East Broadway & Battery R. R. Co., 119 N. Y. 147, 152-153). Plaintiff’s proof of the receipt and retention of the contract and the first letter of credit, the shipment thereafter to or for Catz of approximately 30 of the 200 tons, and the other evidence, in our opinion raised issues of fact for the jury with regard to waiver, estoppel and the scope of the claimed agency. Under the circumstances disclosed, at least it was a jury issue whether defendant waived any ground of objection it might have had to the terms of the letter of credit. In its answer to the complaint and to a notice to admit, defendant denied any contract with plaintiff or payment by plaintiff to defendant, as distinguished from the broker, but claimed it sold and delivered 67,266 pounds of Mexican honey to the broker, Foreign Commodities Corporation, and the broker resold to plaintiff. This was not proof but a mere claim that awaits proof in defendant’s presentation of its case.
Accordingly, the court erred in dismissing the complaint at close of plaintiff’s case.
The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Martin, P. J., Glennon, Callahan and Van Voorhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.